1
2
3
4
5
6
7

## THE DISTRICT COURT OF GUAM

8

| | |
|---|---|
| MANETIRONY CLERVRAIN, et al., | CIVIL CASE NO. 22-00007 |
| Plaintiffs, | |
| vs. | **ORDER** |
| S. THOMAS ANDERSON, et al., | |
| Defendants. | |

9
10
11
12
13
14

Before the court are Plaintiff Manetirony Clervrain's pleadings. ECF Nos. 1-12. For the foregoing reasons, the court **DISMISSES** this action **WITH PREJUDICE**.

15
16

### I.    Discussion

17

On April 4, 2022, Plaintiff filed his *pro se* Complaint. ECF No. 1. Thereafter, Plaintiff filed eleven motions, ECF Nos. 2-12, and an entry of appearance on behalf of another purported plaintiff, ECF No. 13. The court, having reviewed these filings, finds that they are incomprehensible and therefore fail to comply with the Federal Rules of Civil Procedure. By way of example, the first sentence of Plaintiff's Complaint reads as follows:

18
19
20
21
22

"Thus, it is true that the defendants extensive conspiracy involved the violationfo [sic] the Banking industry, or additional claims for ["'Class of One"] or Exclusion can be proving within this ["Motion for Enforcing Power or Development, or Development Guidance Against Facilly [sic] Act by Invoking the Ant(s) Nationality Act"] ("TANA"), or they are

23
24

additional claims for the defenants [sic] jusitfy [sic] controlling theory. Indeed the motion is pending to file to the various courts against the giant involved exclusion to due process, or for them to justify why" [sic] the plaintiff can not open ["Credit cards"], or Bank Account after being convicted…..additionally, to prove National origin Discrimination is another issues to be proving by circumstantial of the evidence within the same meaning for controveries [sic] claim."

Compl. at 4, ECF No. 1.

The court finds that Plaintiff's Complaint is a meandering labyrinth of confused phrases. *See* ECF No. 1. Such incomprehensible rambling not only fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), it fails to meet even the "short and plain statement" requirements of Rule 8. Moreover, such filings are not exclusive to the District Court of Guam. "A review of PACER confirms Plaintiff is no stranger to the federal courts, having filed over 300 cases and appeals in federal courts nationwide. Other courts have noted his significant and abusive litigation history." *Clervrain v. Keller*, 2022 WL 1228208, at *1 (N.D. Tex. Apr. 26, 2022) (citing numerous instances of Plaintiff's frivolous litigation). Indeed, other courts have "characterized his filings as 'unbridled gibberish,' 'sprawling … lengthy and largely incomprehensible,' and 'unintelligible' and 'without any rhyme or reason.'" *Clervrain v. Shafer*, 2022 WL 604896, at *1 (S.D. Ga. Jan. 6, 2022). This court shares this opinion with its sister courts. For these reasons, the court **DISMISSES** this action.

The Federal courts wield inherent authority "to protect the efficient and orderly administration of justice and … to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Plaintiff's filing history, the incomprehensible nature of the claims asserted, and the multitude of filings in this and other cases across the nation, concern the court. Given this behavior, the court believes that granting leave to amend would be futile. Thus, the court

**DISMISSES** this action **WITH PREJUDICE**.

**II.** **Conclusion**

For the aforementioned reasons, the court **DISMISSES** this action **WITH PREJUDICE**. The court **CAUTIONS** Plaintiff that any further incomprehensible filings in this court will be stricken without further notice and may result in the imposition of sanctions.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jul 01, 2022**